**E. & W. H. CALDWELL v. UNITED STATES.**

(Circuit Court, S. D. New York.   June 1, 1905.)

No. 3,894.

CUSTOMS DUTIES—CLASSIFICATION—HAIR PRESS CLOTH—EJUSDEM GENERIS.
  The provision in paragraph 431, Schedule N, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], for "hair press cloth," is not limited to fabrics composed of the same material (horsehair) as the other articles enumerated in said paragraph.

On application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on importations by E. & W. H. Caldwell, consisting of hair press cloth, found by the Board of General Appraisers to have been made from camel and goat hair.

This article was classified as "manufactures * * * of wool, not specially provided for," under paragraph 366, Schedule K, § 1, c. 11, Tariff Act July 24, 1897, 3 0Stat. 184 [U. S. Comp. St. 191, p. 1666], by virtue of the provision in paragraph 383 of said act (30 Stat. 185 [U. S. Comp. St. 1901, p. 1688]) that "whenever, in any schedule of this act, the word 'wool' is used in connection with a manufactured article of which it is a component material, it shall be held to include wool or hair of the sheep, camel, goat, alpaca or other animal." The importers contended that the goods should have been classified under the provision for "hair press cloth" in paragraph 431, Schedule N, § 1, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], which reads as follows: "431. Haircloth, known as 'crinoline' cloth, ten cents per square yard; haircloth, known as 'hair seating,' and hair press cloth, twenty cents per square yard." The Board overruled this contention on the authority of a former decision of the Board

in Re American Express Company, G. A. 4,448, T. D. 21,200, where it was held that hair press cloth, in order to come within paragraph 431, must be made of the same material (horsehair) as that composing the other textiles enumerated in that paragraph, and that goods made of camel hair, involved in that case, would therefore be excluded.

Walden & Webster (Henry J. Webster, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question consists of cloth made of hair adapted to be used in hydraulic presses. It is in fact a hair press cloth. It is so known commercially, and was so invoiced and sold. The Board of General Appraisers, however, apparently basing its decision upon evidence taken in another case as to other merchandise, adopted the language of their opinion therein and assessed the article at 33 cents per pound and 50 per cent. ad valorem, under Act July 24, 1897, c. 11, § 1, Schedule K, par. 366, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666], as a manufacture of wool not specifically provided for. The importers protested on the ground that the cloth was dutiable eo nomine as hair press cloth at 20 cents per yard under paragraph 431, Schedule N, of said Act (30 Stat. 191 [U. S. Comp. St. 1901, p. 1675]). The government introduced no testimony in this case before the board. Paragraph 366 provides only for manufactures of wool not specially provided for. Paragraph 431 provides specifically for hair press cloth eo nomine. The construction given to these words by the Board would seem to deprive this specific provision of all effect, inasmuch as the mats made of horse hair and cattle hair appear to be included under a separate designation. The assessment by the Board would operate to impose an ad valorem duty on this cloth of between 300 and 400 per cent.

The decision of the Board of General Appraisers is reversed.